**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

YALI SONG,

              Petitioner,

vs.

JEANNE KENT, Director, Las Vegas Field Office of United States Citizenship and Immigration Services, in her official capacity; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

              Respondents.

2:18-cv-00919-GMN-VCF

**REPORT AND RECOMMENDATION**

MOTION FOR ATTORNEY'S FEES AND EXPENSES PURUSANT TO EQUAL ACCESS TO JUSTICE ACT U.S.C. § 2412(d)(1)(A) [ECF No. 33]

Before the Court is plaintiff's motion for attorney's fees and expenses (ECF NO. 33). The Court recommends granting the motion.

**I.**    **Background**

In 2006, Yali Song moved from China to the United States with her mother as a K-2 nonimmigrant when she was 20 years old. (ECF No. 1). Song's mother obtained a K visa based on her engagement to a U.S. Citizen. *(Id.* at 2*).* While she was still 20 years old, Song and her mother submitted applications to adjust their status to legal permanent resident, known as a Form I-485 application. (*Id.*). When the United States Citizenship and Immigration Services (USCIS) adjudicated Song's application in 2007, she had turned 21. (*Id.*). The USCIS denied her application. Pursuant to the then-existing rule, an applicant who turned 21 before the adjudication of his or her application was no longer considered a derivative child. (*Id.*).

In 2009, Song filed a second Form I-485 application based on her own marriage to a U.S. citizen. (ECF No. 1 at 2). Although applicants who are the recipient of a nonimmigrant K visa may only adjust their status based on the marriage through which the K visa was obtained (here, Song's mother's

marriage), the USCIS mistakenly granted Song's application and awarded her permanent legal resident status. (*Id.*). In 2017, Song filed an application for naturalization. (*Id.*). The USCIS, discovering the mistake they made in 2009, denied this application. (*Id.* at 3).

Song appealed this denial, requesting that the USCIS grant her *nunc pro tunc* relief to return her to the position she was in when she filed her first application in 2007. (ECF No. 3). Song argued that the USCIS should then retroactively apply the Board of Immigration Appeals' 2011 decision in *Matter of Le*, 25 I&N Dec. 541, which allowed a K-2 nonimmigrant to be granted legal permanent residence status even if they had turned 21 by the time of its adjudication, so long as they had filed the application before they turned 21. (*Id.*). The USCIS refused to do so and affirmed its denial of Song's naturalization application. (*Id.* at 2).

Song sought judicial review of this denial (ECF No. 1). On May 31, 2020, the Court granted her motion for summary judgment, finding that USCIS had the power to grant Song the requested *nun pro tunc* relief and retroactively apply *Matter of Le* to accord her legal permanent resident status. (ECF No. 31). The Court then ordered the government to reconsider Song's application for naturalization. (ECF No. 31). On August 11, 2020, Song filed this motion for attorney's fees and costs pursuant to the Equal Access to Justice Act U.S.C. § 2412(d)(1)(A). (ECF No. 33).

## II.  Discussion

### A.  Legal Standard

Under the Equal Access to Justice Act, "a court shall award to a prevailing party other than the United States fees and other expenses…unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government bears the burden of demonstrating substantial justification." *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). Substantial justification means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position may be

justified even if not correct and can be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2.

For the purposes of awarding attorney's fees, the "position of the United States" means both "the position taken by the United States in the civil action" and "[in] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Thus, the test for substantial justification is "comprised of two inquiries, one directed toward the government agency's conduct, and the other toward the government's attorneys' conduct during litigation." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019). If the original agency decision is not substantially justified, attorney's fees may be awarded regardless of whether the government's litigation position was substantially justified. *Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir. 1988) (finding that the legislative history of the EAJA "provides no indication that fees should be awarded only for the time spent contesting the underlying agency action" when the government's litigation position is found to be substantially justified).

Although the government's failure to prevail in litigation is not dispositive of whether its position is substantially justified, *Pierce*, 487 U.S. at 569, "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

### B. Substantial Justification

The Court finds that although the facts of this case are convoluted, it is not such a "decidedly unusual case" as to warrant a finding that the USCIS's refusal to grant the *nunc pro tunc* relief Song requested was substantially justified. The government first argues that it had no authority to grant Song's Form I-485 application because doing so would have been "contrary to law." (ECF No. 35 at 4). The government claims that even if it had retroactively applied *Matter of Le*, 25 I&N Dec. 541, as Song

1  suggested, Song would have still been ineligible for legal permanent resident status because she got
2  married in 2009. (*Id.*) This argument ignores the fact that applying *Matter of Le* at the time Song was
3  denied legal permanent residence status (i.e. the *nunc pro tunc* relief she requested) would have adjusted
4  her status to legal permanent resident before she married.

5        The government then argues that the USCIS was substantially justified in refusing to grant
6  Song's naturalization application because of "her inability to establish a statutorily mandated
7  requirement"— namely, that she be admitted as a lawful permanent resident in accordance with the law.
8  As Judge Navarro stated in her order, this argument is "circular and unavailing." (ECF. No. 31 at 6). If
9  the USCIS had granted Song *nunc pro tunc* relief and retroactively applied *Matter of Le*, Song would
10  have been a lawful permanent resident since 2009. The Court finds that the position taken by the USCIS
11  in refusing to grant Song's naturalization application (the underlying agency decision) was therefore
12  unreasonable and cannot be considered substantially justifiable. Since the Court finds that the underlying
13  agency decision was unreasonable and not substantially justified, it is unnecessary to address whether
14  the government's litigation position was substantially justified. *See Bowen*, 837 F.2d at 880.

### C. Fee Calculation

16        The government argues that the fees Song requests are inflated and should be reduced. The
17  government does not argue that the rate is inflated. Their sole argument is that the hours are inflated and
18  should be decreased, thereby decreasing the overall amount of fees. "The party opposing the fee
19  application has a burden of rebuttal that requires submission of evidence to the district court challenging
20  the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its
21  submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

22        Song has submitted time sheets, a notes log, and a declaration by counsel that the hours spent on
23  this case were reasonable and necessary (ECF No. 33-1). While the government contests the amount of
24  hours Song claims, they submitted no evidence of their own and cited no authority to support their

assertion that these hours are inflated or unreasonable. Therefore, the government has not met their burden of rebuttal. The Court recommends that Song's request for attorney's fees and costs be granted.

Accordingly,

IT IS RECOMMENDED that Song's motion for attorney's fees and expenses be GRANTED.

IT IS FURTHER RECOMMENDED that petitioner Song be awarded $17,677.50 in attorney's fees and $400 in costs, for a total award of $18,077.50.

DATED this 11th day of March 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE