# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

YALI SONG,                    )

                                  )

             Petitioner,     )     Case No.: 2:18-cv-00919-GMN-VCF

     vs.                     )

                                    )     **ORDER**

JEANNE KENT, Director, Las Vegas Field  )

Office of United States Citizenship and   )

Immigration Services, in her official capacity; )

and UNITED STATES CITIZENSHIP AND  )

IMMIGRATION SERVICES,        )

                                    )

            Respondents.   )

                                    )

Pending before the Court is the Report and Recommendation ("R&R") of the United States Magistrate Judge Cam Ferenbach, (ECF No. 37), recommending that the Court grant Petitioner Yali Song's ("Petitioner's") Motion for Attorney's Fees and Expenses, (ECF No. 33). Respondents United States Citizenship and Immigration Services ("USCIS") and Jeanne Kent, director of the Las Vegas USCIS field office (collectively, "Respondents") timely filed its Objection, (ECF No. 38). Petitioner filed a Response, (ECF No. 40).

For the reasons discussed below, the Court **REJECTS** the Magistrate Judge's R&R and **DENIES** Petitioner's Motion for Attorney's Fees and Expenses.

## I.    <u>BACKGROUND</u>

The case arises from USCIS's denial of Petitioner's naturalization application. (*See* Pet. Review, ECF No. 1). Petitioner is a native and citizen of China, and she was born on July 29, 1986. (*Id*. ¶ 6). On November 18, 2006, Petitioner and her mother entered the United States as

K-1 and K-2 nonimmigrants.[1] (*Id.* ¶ 7).  Petitioner was twenty (20) years old at the time of entry. (*Id.*).

Petitioner's mother married within ninety (90) days of entering the United States. (*Id.* ¶ 8).  On March 19, 2007, Petitioner and her mother filed separate Form I-485s[2] for the purpose of adjusting their immigration status and registering for permanent residence in the United States. (*Id.* ¶ 9).  USCIS granted Petitioner's mother's request; however, denied Petitioner's application because Petitioner turned twenty-one (21) years old before USCIS adjudicated her Form I-485.  Petitioner, however, was twenty (20) years old at the time of entry and at the time she submitted her Form I-485. (*Id.* ¶ 9).

In 2009, Petitioner married a United States citizen.  Based on her marriage, Petitioner filed a second Form I-485 to register for permanent residence after marrying a United States citizen. (*Id.* ¶ 10).  USCIS subsequently approved Petitioner's second Form I-485 based on her marriage and Petitioner received lawful permanent resident status on December 1, 2009. (*Id.*).

Approximately eight (8) years after receiving permanent resident status, Petitioner filed an Application for Naturalization ("Form N-400"). (*Id.* ¶ 11).  After further review of Petitioner's immigration record, USCIS found that it had, unfortunately, granted Petitioner's permanent status in 2009 by mistake.[3] (*Id.* ¶ 12); (Decision Denying Form N-400 at 37, Ex. I to Pet. Review, ECF No. 2).  USCIS consequently denied Petitioner's naturalization application

---

[1]  As the Government explains in its Motion to Dismiss, K-1 nonimmigrant status refers to an "alien" who is the fiancé of a United States citizen and seeking to enter the United States to get married within ninety days. (Mot. Dismiss ("MTD") 2:22–24); 8 U.S.C. § 1101(a)(15)(K)(i).  Similarly, K-2 nonimmigrant status refers to a minor child of a K-1 nonimmigrant who is accompanying or following their parent to the United States. (*Id.* 2:23–26); 8 U.S.C. § 1101(a)(15)(K)(iii).

[2]  A Form I-485, Application to Register Permanent Residence or Adjust Status," is an application to adjust status pursuant to 8 U.S.C. § 1186a. (Resp't's Mot. Dismiss at 3 n.1, ECF No. 11).

[3]  Petitioner's K-2 status allowed an adjustment to permanent status only on the basis of her mother's marriage to a United States citizen, yet the 2009 adjustment erroneously occurred on the basis of Petitioner's own marriage. *See* 8 U.S.C. § 1255(a)–(d); (MTD 5:1–14, ECF No. 11); (Pet. ¶ 10).

1   on April 19, 2017 because Petitioner had not properly received lawful permanent residency in

2   the United States. (*Id.* ¶ 12).

3       On May 25, 2017, Petitioner filed a Request for Hearing on Decision in Naturalization

4   Proceedings. (*Id.* ¶ 13).  In that Request, Petitioner's counsel conceded that USCIS mistakenly

5   granted her 2009 application for permanent residence. (Mem. Support Request for Hearing at

6   56, Ex. L to Pet. Review, ECF No. 2).  Nevertheless, Petitioner explained that a 2011 decision

7   by the Board of Immigration Appeals ("BIA") in *Matter of Le* had essentially invalidated

8   USCIS's basis for denial of Petitioner's 2007 application for permanent resident status. (*Id.* at

9   56–60).

10      Specifically, Petitioner pointed out that *Matter of Le* abrogated USCIS's prior finding

11  that Petitioner "aged out" of eligibility for permanent residency under her K-2 nonimmigrant

12  status. (*Id.*).  Petitioner thus argued that USCIS could approve her 2007 application *nunc pro*

13  *tunc* by retroactively applying this new authority to remedy the "procedural hiccup" that

14  prevented her naturalization. (*Id.*).  USCIS, however, denied Petitioner's request for *nunc pro*

15  *tunc* relief and retroactive application of authority in its Decision on March 7, 2018. (Decision

16  Denying Form N-336 at 64–65, Ex. M. to Pet. Review, ECF No. 2); (Pet. ¶ 14).

17      Pursuant to 8 U.S.C. § 1421(c), Petitioner filed a Petition for Judicial Review in this

18  Court on May 20, 2018, seeking *de novo* review of USCIS's denial of naturalization. (*Id.* at 3).

19  The Court ultimately granted judgment in favor of Petitioner, finding that USCIS erroneously

20  denied Petitioner's request for *nunc pro tunc* relief. (*See* Order Granting Mot. Summ. J., ECF

21  No. 31).  Petitioner thereafter filed a Motion for Attorney's Fees under the Equal Access to

22  Justice Act ("EAJA"). (*See* Mot. Att'y Fees, ECF No. 33).  Magistrate Judge Cam Ferenbach

23  issued a Report and Recommendation, (ECF No. 37), recommending the Court grant the

24  Motion for Attorney's Fees and award Petitioner $18,077.50 in attorney's fees and costs.

1  Respondents filed an Objection, (ECF No. 37), to which Petitioner filed a Response, (ECF No.
2  40).

3  **II.   LEGAL STANDARD**

4         A party may file specific written objections to the findings and recommendations of a

5  United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

6  D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

7  determination of those portions of the Report and Recommendation to which objections are

8  made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or

9  recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

10  **III.   DISCUSSION**

11        Respondents make two objections.  First, they argue that the award of fees under the

12  EAJA is unwarranted given that USCIS's denial of Petitioner's naturalization application was

13  substantially justified. (Resp't's Objection ("Obj.") 7:6–8:12, ECF No. 38).  Respondents

14  specifically argue that the R&R failed to discuss or even address the fact that applying *Matter*

15  *of Le* retroactively or *nunc pro tunc* was an issue of first impression. (*Id.* 7:14–24).  In the

16  alternative, Respondents request the Court reduce the amount of attorney's fees sought to the

17  "reasonable time spent" because the R&R failed to make a specific reasonableness finding as to

18  the fees and hours counsel spent in the underlying case. (*Id.*).

19        Under 28 U.S.C. § 2412(d)(1)(A) of the EAJA:

20        eligibility for a fee award in any civil action requires: (1) that the claimant be "a
          prevailing party"; (2) that the Government's position was not "substantially
21        justified"; (3) that no "special circumstances make an award unjust"; and, (4)
          pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the
22        court within 30 days of final judgment in the action and be supported by an
          itemized statement.
23

24  *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting *I.N.S.*

25  *Comm'r v. Jean*, 496 U.S. 154, 158 (1990)), cert. denied, 140 S. Ct. 424 (2019).  "The clearly

stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *Ardestani v. I.N.S.*, 502 U.S. 129, 138 (1991). "Congress specifically intended the EAJA to deter unreasonable agency conduct." *Ibrahim*, 912 F.3d 1147, 1166–67 (9th Cir. 2019) (citing *Jean*, 496 U.S. at 163 n.11 (quoting the statement of purpose for the EAJA, Pub. L. No. 96-481, §§ 201–08, 94 Stat. 2321, 2325–30 (1980)). "The policy behind the EAJA 'is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court.'" *Id*. at 1167 (quoting *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007)).

### A. Substantial Justification

Respondents oppose Petitioner's eligibility for an EAJA fee award on two grounds, arguing that Respondents' position before and during litigation was substantially justified. (Resp't's Resp. to Mot. Atty's Fees ("Resp.") 3:1–7:11, ECF No. 35).[4] "When evaluating the government's 'position' under the EAJA," federal courts "consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based'." *Ibrahim*, 912 F.3d at 1168 (quoting 28 U.S.C. § 2412(d)(1)(B)). "Thus, the substantial justification test is comprised of two inquiries, one directed toward the government's agency's conduct, and the other toward the government's attorneys' conduct during litigation. *Id*. (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)).

Respondents bear the burden of showing that their position was substantially justified. *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). To prove substantial justification, "the government need not establish that it was correct or 'justified to a high degree.'" *Ibrahim*, 912 F.3d at 1167 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

---

[4] Petitioner asserts that Petitioner is the "prevailing party" in this suit. (Mot. Att'y Fees 3:4–10). The Court agrees given that the Court granted summary judgment in favor of Petitioner. (*See* Order Granting Mot. Summ. J., ECF No. 31).

Respondents must only establish that their "position is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact'." *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2). The fact that Respondents did not prevail in court "does not raise a presumption that [their] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334.

### i. *USCIS's Conduct Prior to Litigation*

Respondents argue that "USCIS's determination was substantially justified because it applied the then-existing law to Petitioner's first I-485 application and later declined to approve Petitioner's naturalization application based on Petitioner's inability to establish a statutorily mandated requirement." (Obj. 8:8–11). In response, Petitioner asserts that USCIS's mistake in granting Petitioner's 2009 adjustment application and USCIS's subsequent refusal to remedy the mistake by retroactively applying *Matter of Le* was nonetheless unreasonable. (Mot. Att'y Fees 4:1–9).

The position of the United States is defined as "the action or failure to act by the agency upon which the civil action is based." *See* 28 U.S.C. § 2412(d)(2)(D). The parties do not define USCIS's specific actions in the underlying administrative proceeding. In *Thangaraja v. Gonzales*, the Ninth Circuit determined that position of the United States as "DHS's litigation position and the underlying agency decision rendered by the BIA or an IJ." *Thangaraja*, 428 F.3d 870, 874 (9th Cir. 2005). Similarly, in the context of social security disability benefits, the Ninth Circuit held that "we have consistently treated the ALJ's decision as the 'action or failure to act by the agency upon which the civil action is based.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, Petitioner bases her civil action upon two main actions by USCIS: (1) its denial of her naturalization application; and (2) its decision reaffirming the decision to deny the naturalization application. (Pet. Review ¶¶ 12, 14). The relevant inquiry, therefore, is whether

USCIS was substantially justified in denying Petitioner's naturalization application and reaffirming its denial.

### 1.  Denial of Naturalization Application

As to USCIS's decision to deny Petitioner's naturalization application, the Court finds that its denial was substantially justified. *Ibrahim*, 912 F.3d at 1167.  In its Decision denying Petitioner's application for naturalization, USCIS determined that Petitioner was "statutorily ineligible to adjust status on December 1, 2009, and therefore not lawfully admitted."  In making this determination, USCIS explained:

> A K-2 nonimmigrant . . . may not adjust status except as a result of the marriage (or, in the case of a minor child, the parent's marriage) to the citizen who filed the petition to accord that alien's non-immigrant status. See INA 245(d). Accordingly, you were only eligible to adjust status based on your mother's marriage to the U.S. citizen petitioner.
>
> Despite your ineligibility to adjust status under INA 245, USCIS approved your Form I-485 in error on December 1, 2009, and you were issue a permanent resident card bearing immigrant classification CR6.
>
> On June 23, 2011, the Board of Immigration Appeals issued its decision, (Matter of Le, 25 I&N Dec. 541 (BIA 2011) . . . Unfortunately, you could not longer be classified as a 'derivative child' because you were married at the time of this decision.

(Decision Denying Form N-400 at 2, Ex. I to Administrative Record, ECF No. 2).  Despite USCIS's erroneous approval of Petitioner's second adjustment application in 2009,[5] Petitioner was not otherwise eligible to adjust her status in 2009 because she was no longer considered a "derivative child." *See* 8 U.S.C. § 1101(b)(1) (defining a child under the Immigration and Nationality Act as "an unmarried person under twenty-one years of age").  Because Petitioner was married at the time of the decision, Petitioner, therefore, was unable to lawfully adjust her

---

[5] Respondents concede that USCIS "should not have approved [Petitioner's] second I-485 application." (Resp. 3:26–27).

status under a K-2 visa in 2009. *See id.*  Without this adjustment, Petitioner was unable to

demonstrate lawful admission for permanent residence—a statutory bar to her naturalization.

USCIS was, therefore, substantially justified in denying Petitioner's naturalization application

given that Petitioner could not establish the statutory requirement for lawful permanent

residency pursuant to 8 U.S.C. § 1255(d).

2. Rehearing on Denial of Naturalization

Respondents argue that applying *nunc pro tunc* relief to an application collateral to

naturalization proceedings was not established legal precedent. (Resp. 4:22–5:3).  Specifically,

Respondents contend that no authority authorized USCIS to go beyond the provisions of 8

U.S.C. § 1429 to retroactively apply *Matter of Le*. (*Id*. 5:1–2).  In response, Petitioner argues

that "USCIS's refusal to consider . . . *nunc pro tunc* relief was patently unreasonable in light of

the fact that *nunc pro tunc* relief has 'a long and distinguished history in the field of

immigration law.'" (Mot. Att'y Fees 4:10–12).  To prove substantial justification, "the

government need not establish that it was correct or 'justified to a high degree.'" *Ibrahim*, 912

F.3d at 1167 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Rather, Respondents

must demonstrate that "a reasonable person could think it correct" that USCIS declined to grant

*nunc pro tunc* relief in the underlying administrative proceeding.

Weighing the arguments, the Court concludes that Respondents have met their burden in

showing that USCIS's reaffirmation of denial was substantially justified.  In reevaluating its

denial of Petitioner's naturalization application, USCIS declined to apply *Matter of Le*

retroactively because no case law supported retroactive application of the decision.

Specifically, USCIS determined:

> Your legal counsel agrees that this 2009 adjustment of status was in error and
> asserts that the remedy is to retroactively (nun pro tunc) apply *Matter of Le* to the
> 2007 decision.  However, *Matter of Le* was decided in 2011 and does not apply
> retroactively (or nunc pro tunc) to your case.  During the N-366 hearing, counsel

1

2

> was asked if he could cite to any case law to support a retroactive application of
> Le, but he could not provide supporting case law.

3  (Decision Denying Form N-366, Ex. M to Administrative Record, ECF No. 2).  Though USCIS

4  ultimately determined that *nunc pro tunc* relief was not warranted in Petitioner's case, USCIS

5  considered retroactively applying *Matter of Le*. *Id.*  Indeed, USCIS requested provide specific

6  authority to support a retroactive application of *Matter of Le*.  Counsel's inability to provide

7  supporting case law, however, illustrates the lack of authority and precedent regarding

8  retroactive application to this specific case. *See Poole v. Rourke*, 779 F. Supp. 1546, 1563 (E.D.

9  Cal. 1991) (noting "lack of clarity in the substantive law" as a factor that supports a substantial

10  justification finding).  Though the Court ultimately found that USCIS could have applied

11  *Matter of Le* retroactively, USCIS's refusal to grant *nunc pro tunc* relief was grounded in

12  reasonable law and fact. *See Ibrahim*, 912 F.3d at 1167 (quoting *Pierce v. Underwood*, 487

13  U.S. 552, 565 (1988)) ("[T]he government need not establish that it was correct or 'justified to

14  a high degree.'"); *see also Vargas v. Wolf*, No. 2:19-cv-02135-KJD-DJA, 2021 U.S. Dist.

15  LEXIS 50624, at *4 (D. Nev. Feb. 10, 2021) ("While Respondents may have been unsuccessful

16  in their arguments, they were justified in pursuing them.").  The Court accordingly finds that

17  USCIS was substantially justified in refusing to retroactively apply *Matter of Le* during the

18  administrative proceedings.[6]  The Court now analyzes whether USCIS was substantially

19  justified in its actions during litigation.

20  //

21  //

22

23  _____

24  [6] Petitioner further argues, in its Reply, that USCIS failed to explain exactly why the authorities cited by
    Petitioner in its Memorandum for Rehearing were inapplicable. (Reply 4:10–11).  "It is improper for a moving
    party to introduce new facts or different legal arguments in the reply brief than those presented in the moving

25  papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *see also
    Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990).
    Accordingly, the Court declines to address Petitioner's additional argument.

*ii.   USCIS's Conduct During Litigation*

Respondents argue that the United States' position during litigation was likewise substantially justified in law and fact given that the case involved novel issues, including: (1) a district court's scope of review under 8 U.S.C. § 1421(c); (2) the retroactive application of a BIA decision in *Matter of Le* to the USCIS's first denial of Petitioner's application for permanent resident status; and (3) the correction *nunc pro tunc* to the USCIS's mistaken denial of permanent resident status to Petitioner's first application for permanent resident status. (Resp. 5:6–11).  Though this case may have presented novel issues, Petitioner contends that an issue of first impression does not constitute a sufficient reason to deny EAJA fees. (Resp. to Obj. 3:8–16, ECF No. 40).

"Fees may be denied when the litigation involves questions of first impression, but 'whether an issue is one of first impression is but one factor to be considered.'" *Ibrahim*, 912 F.3d at 1169 (citing *United States v. Marolf*, 277 F.3d 1156, 1162 n.2 (9th Cir. 2002)).  "There is no per se rule that EAJA fees cannot be awarded where the government's litigation position contains an issue of first impression." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001).  However, "[i]n several cases, [the Ninth Circuit has] held that the government's litigation position was substantially justified when the rules under which it was operating were ambiguous and it pursued a reasonable interpretation on which we had not previously ruled." *Id*.

In *Rawlings v. Heckler*, the Ninth Circuit held that the government was substantially justified in litigating issues that were unsettled in the Circuit. *Rawlings*, 725 F.2d 1192, 1196 (9th Cir. 1984).  There, the government appealed a district court's award of attorney's fees under the EAJA. *Id*.  The Ninth Circuit ultimately determined that "the government's appeal to this court was reasonable both on the question of the retroactive effect of the EAJA and the proper definition of the term 'position of the United States.'" *Id*.

1    Likewise, Respondents reasonably litigated novel issues of law concerning the

2    retroactive effect of *Matter of Le*.  Neither the Ninth Circuit nor the BIA analyzed the

3    retroactive effect of *Matter of Le* prior to the underlying action.  The retroactive application of

4    *Matter of Le* was, therefore, not a clear-cut rule under statutory immigration law. *See Gutierrez*

5    *v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir. 2001) (finding that "the only issue of first

6    impression [the Ninth Circuit was] required to resolve was the impact of a failure to follow a

7    *clear* rule contained in the SSA's regulations.").  Indeed, in its Brief attached to its Petition for

8    Review, Petitioner does not provide existing precedent to support retroactive application but

9    instead argues that *Matter of Le*, as a new rule adopted in the course of agency adjudication,

10   should be applied retroactively under the factors established in *Retail, Wholesale & Dep't Store*

11   *Union v. NLRB*, 151 U.S. App. D.C. 209, 466 F.2d 380 (1972).  Given the ambiguous law on

12   granting *nunc pro tunc* relief in *Matter of Le*, Respondents were substantially justified in

13   litigating the underlying case.

14   Petitioner additionally argues that Respondents' litigation position was not substantially

15   justified because they "obfuscated the second and third *Retail* factors, . . . and completely

16   ignored the fifth *Retail* factor" in Respondents' Response and Cross-Motion. (Mot. Att'y Fees

17   5:20–6:1).  In deciding whether the government's litigation position is substantially justified,

18   "the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line items."

19   *United States v. Rubin*, 97 F.3d 373, 375 (9th Cir. 1996), quoting *Comm'r, INS*, 496 U.S. 154,

20   161-62, 110 L. Ed. 2d 134, 110 S. Ct. 2316 (1990).  As a whole, Respondents' decision to

21   defend USCIS's denial and reaffirmation of its denial was substantially justified given the

22   ambiguity in law and lack of precedent regarding the retroactive application of *Matter of Le*.  A

23   reasonable person could, therefore, find that litigating the underlying action was based in

24   reasonable law and fact.  Accordingly, because the Court finds that Respondents were

25

substantially justified in defending itself in the underlying action, the Court finds that EAJA fees and expenses are not warranted.

**IV.**     <u>**CONCLUSION**</u>

      **IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 37) is **REJECTED**.

      **IT IS FURTHER ORDERED** that the Motion for Attorney's Fees, (ECF No. 33), is **DENIED**.

      **DATED** this  31  day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court